IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| MEDIAMATH HOLDINGS, INC., *et al.*,[1] | ) Case No. 23-10882 (LSS) ) |
| | ) (Joint Administration Requested) |
| Debtors. | ) ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO REJECT A CERTAIN UNEXPIRED LEASE AND A CERTAIN UNEXPIRED SUBLEASE OF NONRESIDENTIAL PROPERTY EFFECTIVE AS OF THE PETITION DATE AND ABANDON PERSONAL PROPERTY**

> **\*\*ANY PARTY RECEIVING THIS MOTION SHOULD CAREFULLY REVIEW SCHEDULE 1 TO THE PROPOSED ORDER TO DETERMINE WHETHER IT IS A COUNTERPARTY TO A REJECTED LEASE THAT IS THE SUBJECT OF THE RELIEF REQUESTED IN THIS MOTION\*\***

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby file this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a), 365(a), and 554 of title 11 of the United States Code, 11 U.SC. §§ 101, *et seq*. (the "**Bankruptcy Code**"), authorizing the Debtors to reject the Rejected Leases (as defined herein) set forth on Schedule 1 to the Proposed Order, effective as of the Petition Date (as defined below), and to abandon personal property. In support of this Motion, the Debtors rely upon and incorporate by reference the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: MediaMath Holdings, Inc. (2425), MediaMath, Inc. (1297), MediaMath Ventures, LLC (4588), Adroit DS, LLC (0700), Searchlight MM Topco, L.P. (9412), Searchlight MM Topco GP, LLC (N/A), and Searchlight MM Holdings, LLC (5372). The Debtors' address is MediaMath, Inc. c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, Oregon 97076-4420.

30506285.1

*Declaration of Neil Nguyen in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012 (the "**Amended Standing Order**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 105(a), 365, and 554 of the Bankruptcy Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

**I.    General**

2. On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

30506285.1

2

3. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

## II. The Rejected Lease and Sublease

4. MediaMath, Inc. is currently a lessee under an unexpired nonresidential lease (the "**Lease**") for commercial property located at 4 World Trade Center, 150 Greenwich Street, New York, New York (the "**Rejected Premises**").³ In addition, MediaMath, Inc. is a sublessor under the Lease through a sublease agreement with CLEAR STREET MANAGEMENT, LLC located at the Rejected Premises (the "**Sublease**," and together with the Rejected Lease, the "**Rejected Leases**").

5. After careful review, the Debtors identified the Lease as office space that the Debtors no longer use or occupy. Likewise, the Debtors seek to reject the Sublease. The Debtors have determined that the Rejected Leases are no longer necessary to the Debtors' business affairs, are not otherwise beneficial to their estates, and present burdensome contingent liabilities. Therefore, the Debtors have determined that rejecting the Rejected Leases is an appropriate exercise of their business judgment.

## **RELIEF REQUESTED**

6. By this Motion, to preserve and maximize the value of their estates, the Debtors, in an exercise of their business judgment, seek to reject the Rejected Leases effective as of the Petition Date, and abandon any personal property of the Debtors, including but not limited

---

³ The inclusion of any contract, lease, sublease, or other agreement on Schedule 1 to the Proposed Order is not intended as, nor shall be deemed to constitute, an admission by the Debtors or their estates that such contract, lease, or other agreement is or is not an executory contract or unexpired lease. The Debtors and their estates reserve any and all rights, claims, and defenses with respect to the characterization of the Rejected Lease under section 365 of the Bankruptcy Code, applicable non-bankruptcy law, or otherwise, including, without limitation, any and all rights to argue that the Rejected Lease does not constitute an executory contract or unexpired lease.

30506285.1

3

to, furniture, fixtures, and equipment (collectively, the "**Personal Property**") that remains, as of the Petition Date, on the premises (the "**Premises**") subject to the Rejected Leases, as applicable.

## BASIS FOR RELIEF

**I.  Rejection of the Rejected Leases as of the Petition Date Reflects the Debtors' Sound Business Judgment.**

7. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

8. The standard applied to determining whether the rejection of an unexpired lease or executory contract should be authorized is the "business judgment" standard. *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"); *see also In re Tayfur*, 599 F. App'x 44, 49–50 (3d Cir. 2015) (extending the standard articulated in *Sharon Steel* to unexpired leases). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*),

30506285.1

147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

9. The business judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor-in-possession's business judgment to reject a lease or an executory contract. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984), *superseded by statute on other grounds*, Bankruptcy Amendments and Federal Judgeship Act of 1984, sec. 541, § 1113, Pub. L. No. 98-353, 98 Stat. 333 (codified at 11 U.S.C. § 1113); *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

10. Upon finding that the Debtors have exercised their sound business judgment in determining that the rejection of the Rejected Leases is in the best interests of the Debtors and their estates, the Court should approve the proposed rejection under section 365(a) of the Bankruptcy Code. *See, e.g.*, *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc.* (*In re Bradlees Stores, Inc.*), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g.*, *Sharon Steel Corp.*, 872 F.2d at 39-40. The Debtors have determined that the

30506285.1

Rejected Leases are not integral to the Debtors' chapter 11 efforts, are not otherwise beneficial to the Debtors' estates, and may present burdensome contingent liabilities. Accordingly, the Debtors' decision to reject the Rejected Leases is an exercise of sound business judgment, and therefore should be approved.

11. Furthermore, if the Lease is deemed rejected as of the Petition Date, the relevant Sublease shall be deemed rejected by operation of law. *See Chatlos Sys., Inc. v. Kaplan (In re Chatlos Sys., Inc.)*, 147 B.R. 96, 99-100 (D. Del. 1992) ("When a lease is deemed rejected any subleases under that primary lease must also be deemed rejected since the sublessee's rights in the property are extinguished with those of the sublessor."); *Teleglobe Commc'ns Corp., v. Teleglobe Commc'ns Corp.*, 304 B.R. 79, 84 (Bankr. D.Del. 2004) (holding subtenant's interest in property extinguished by rejection by debtor of primary lease). Notwithstanding this result, the Debtors request, out of an abundance of caution, entry of an order authorizing and confirming their rejection of the identified Sublease that is related to the Lease.

12. To avoid potentially paying any unnecessary expenses related to the Rejected Leases, the Debtors seek to reject the Rejected Leases effective as of the Petition Date. The Court has routinely authorized a debtor's rejection of unexpired leases and executory contracts as of the date of the filing of the applicable rejection motion. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004); *see also In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection permitted effective as of the date of the motion or the date the premises surrendered). Generally, courts have permitted retroactive rejection of an unexpired lease and executory contract when the non-debtor party to the agreement was given definite notice of the intention to reject. *See, e.g.*, *In re FLYi, Inc.*, Case No. 05-20011 (MFW) (Bankr. D. Del. Aug. 21, 2006). A court may permit such retroactive rejection to avoid unduly exposing a debtor's

30506285.1

6

estate to unwarranted postpetition administrative or other expenses.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that rejection relates back to the petition date); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37-8 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

13. The facts in these chapter 11 cases and the balance of the equities favor the Debtors' rejection of the Rejected Leases effective as of the Petition Date.  Without doing so, the Debtors may incur unnecessary administrative charges for an agreement that is not necessary to their business affairs or chapter 11 efforts.  The Debtors do not need the leasehold interest created by the Rejected Leases to conduct their go-forward businesses and the Debtors do not derive any meaningful benefit under the Rejected Leases.  On the other hand, requiring the Debtors to continue to perform under the Rejected Leases after the Petition Date could impose onerous obligations on the Debtors and their estates.  Without rejecting the Rejected Leases, the Debtors may incur unnecessary administrative charges that are not necessary to their ongoing business operations.

14. Moreover, the lessor and sublessee under the Rejected Leases will not be unduly prejudiced if the Rejected Leases are rejected effective as of the Petition Date because, on the Petition Date, the Debtors have served this Motion on the lessor and sublessee and/or their agents or representatives by overnight delivery, electronic mail and/or facsimile, thereby advising such lessor or sublessee that the Debtors intend to reject the Rejected Leases effective as of the Petition Date.  Furthermore, the Debtors have, on or before the date hereof, relinquished the keys

to the Premises and provided the alarm code(s) to the lessors or their representatives, abandoned the Premises, and, in conjunction therewith, indicated that they were unequivocally surrendering possession as a result thereof. The keys were delivered to the lessor under the Lease, together with an appropriate correspondence, on or before the Petition Date.

15. In light of the foregoing facts and circumstances, the Debtors respectfully submit that their rejection of the Rejected Leases under section 365 of the Bankruptcy Code, effective as of the Petition Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors. Accordingly, entry of the Proposed Order is appropriate.

## II. Authorizing the Debtors to Abandon Any Personal Property Remaining at the Premises as of the Petition Date Is Appropriate.

16. Although the Debtors do not believe any Personal Property remains at the Premises, in the event that any Personal Property does remain on the Premises as of the Petition Date, the Debtors request the Court's approval of the Debtors' abandonment of such Personal Property (collectively, the "**Abandoned Personal Property**"), pursuant to section 554(a) of the Bankruptcy Code, effective as of the Petition Date.

17. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant in this case.

18. The Debtors submit that the Abandoned Personal Property is of inconsequential value or burdensome to the Debtors' estates to remove. Among other things, the Debtors believe that the cost of retrieving, marketing, and reselling the Abandoned Personal Property—to the extent there is any—outweighs any recovery that the Debtors and their estates could reasonably hope to attain for such Abandoned Personal Property. As a result, the Debtors have determined, in their business judgment, that the abandonment of any such Abandoned Personal Property, effective as of the Petition Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

## RESERVATION OF RIGHTS

19. Nothing in the Proposed Orders or this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

## NOTICE

20. Notice of this Motion will be provided to (a) the U.S. Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors; (c) counsel to the Prepetition Secured Lenders; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; and (f) the counterparties to the Rejected Leases (via overnight delivery). The Debtors believe that no further notice is required.

30506285.1

21. A copy of this Motion is available on (i) the Court's website: www.deb.uscourts.gov, and (ii) the website maintained by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/MediaMath.

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Orders, granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 30, 2023
Wilmington, Delaware

Respectfully Submitted,

*/s/ Kara Hammond Coyle*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Heather P. Smillie (No. 6923)
Kristin L. McElroy (No. 6871)
Emily C.S. Jones (No. 7071)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  mnestor@ycst.com
kcoyle@ycst.com
hsmillie@ycst.com
kmcelroy@ycst.com
ejones@ycst.com

*Proposed Counsel for Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MEDIAMATH HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 23-10882 (LSS) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) ) | Re: Docket No. __ |

**ORDER PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO REJECT A CERTAIN UNEXPIRED LEASE AND CERTAIN UNEXPIRED SUBLEASE OF NONRESIDENTIAL PROPERTY EFFECTIVE AS OF THE PETITION DATE AND ABANDONMENT OF PERSONAL PROPERTY**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code, authorizing the Debtors to reject that certain lease and sublease set forth on Schedule 1 to this Order (the "**Rejected Leases**"), effective as of the Petition Date; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: MediaMath Holdings, Inc. (2425), MediaMath, Inc. (1297), MediaMath Ventures, LLC (4588), Adroit DS, LLC (0700), Searchlight MM Topco, L.P. (9412), Searchlight MM Topco GP, LLC (N/A), and Searchlight MM Holdings, LLC (5372). The Debtors' address is MediaMath, Inc. c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, Oregon 97076-4420.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30506285.1

best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases are hereby rejected by the Debtors, with such rejection being effective as of the Petition Date.

3. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of the Petition Date, on the Premises is hereby abandoned by the Debtors, with such abandonment being effective as of the Petition Date.

4. Nothing herein shall impair, prejudice, waive or otherwise affect the rights of the Debtors to: (a) assert that the Rejected Leases (i) were terminated on the Petition Date, or (ii) are not executory contracts or unexpired leases under 365 of the Bankruptcy Code; (b) assert that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provisions of the Rejected Leases; (c) assert that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise contest any claims that may be asserted in connection with the Rejected Leases. All rights, claims, defenses and causes of action that the Debtors and their estates may have against the counterparties to the Rejected Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise such rights, claims, defenses and causes of action.

30506285.1

2

5. Claims arising out of the rejection of the Rejected Leases must be filed on or before the later of (a) the deadline for filing proofs of claim based on prepetition claims against any of the Debtors as set by an order of this Court or (b) thirty (30) days after entry of this Order.

6. The requirements in Bankruptcy Rule 6006 are satisfied.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

30506285.1

## Schedule 1

### Rejected Leases[1]

| **Debtor(s)** | **Counterparty** | **Counterparty's Address** | **Rejected Agreement** |
|---|---|---|---|
| MediaMath, Inc. | 4 World Trade center LLC | c/o Silverstein Properties, Inc., 7 World Trade Center at 250 Greenwich Street, 38th Floor, New York, New York 10007 | 4 World Trade Center, 150 Greenwich Street, New York, New York Lease Agreement Between 4 World Trade Center LLC and MediaMath, Inc. dated July 17, 2014. |
| MediaMath, Inc. | CLEAR STREET MANAGEMENT, LLC | 55 Broadway 21st Floor New York, New York 10006 | 4 World Trade Center, 150 Greenwich Street, New York, New York Sublease Agreement Between MediaMath, Inc. and CLEAR STREET MANAGEMENT, LLC dated September 28, 2021. |

---

[1] Each, as may be amended, modified, or supplemented from time to time and together with any schedules thereto.

30506285.1