# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MEDIAMATH HOLDINGS, INC., *et al.*,[1]<br><br>                        Debtors. | Chapter 11<br>Bankr. Case No.  23-10882 (LSS)<br>Joint Administration Pending |
| JUSTIN ADLER-SWANBERG, on behalf of himself and all others similarly situated,<br><br>                        Plaintiff,<br><br>          v.<br><br>MEDIAMATH HOLDINGS, INC., MEDIAMATH, INC., SEARCHLIGHT MM TOPCO, L.P., SEARCHLIGHT MM TOPCO GP, LLC, and SEARCHLIGHT MM HOLDINGS, LLC,<br><br>                        Defendants. | Adv. Pro. No. |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*. AND (2) VIOLATION OF NEW YORK WARN ACT, NYLL § 860 *ET SEQ.***

Plaintiff Justin Adler-Swanberg ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees of MediaMath Holdings, Inc., MediaMath, Inc., Searchlight MM Topco, L.P., Searchlight MM Topco GP, LLC, and Searchlight MM Holdings, LLC (together, the "Debtors" or "Defendants") by way of this Class Action Adversary Proceeding Complaint against Debtors as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: MediaMath Holdings, Inc. (2425), MediaMath, Inc. (1297), MediaMath Ventures, LLC (4588), Adroit DS, LLC (0700), Searchlight MM Topco, L.P. (9412), Searchlight MM Topco GP, LLC (2453), and Searchlight MM Holdings, LLC (5372). The Debtors' address is MediaMath, Inc., c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, Oregon 97076-4420.

## NATURE OF THE ACTION

1. The Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Debtors and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Debtors beginning on or about June 30, 2023, who were not provided 60 days advance written notice of their terminations by Debtors, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq., (the "WARN Act") and 90 days' notice as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act"), New York Labor Law ("NYLL") § 860 *et seq.*, (together, the "WARN Acts").

2. Plaintiff was terminated along with approximately 200 similarly situated employees as part of mass layoffs or plant closings announced and carried out by Debtors on June 30, 2023.

3. Debtors failed to give Plaintiff and similarly situated employees of Debtors at least 60 days' advance notice of their terminations, as required by the WARN Acts. As a consequence, Plaintiff seeks statutory remedies for himself and others from Debtors, pursuant to 29 U.S.C. § 2104 and NYLL§ 860(G),

4. Debtors filed for bankruptcy on the same day that they terminated Plaintiff and each of the other similarly situated employees. Accordingly, Plaintiff and the putative Class Members seek priority treatment pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a general unsecured claim or in the alternative, back-pay attributable to a period of time after the filing of the Debtors' bankruptcy petition and which arose as the result of the Debtors' violation of federal law, post-petition priority treatment for their claims as a first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

8. Plaintiff Justin Adler-Swanberg was employed by Debtors from October 2019 until June 30, 2023, most recently as the Director of Product Strategy (quality and compliance).

9. Plaintiff is a resident of the state of California.

10. Plaintiff worked remotely to Debtors' headquarters located at 4 World Trade Center, 150 Greenwich Street, 46th Floor New York, New York (the "New York Facility").

11. Plaintiff's work, like that of the similarly situated employees, was centered at the New York Facility. Supervisors were based there, and instructions and orders issued from there.

12. Debtors described the group of similarly situated employees in a purported WARN letter that some, but not all, employees received, as follows: "In connection with the closing, the Company is terminating the employment of all employees who work at, or who are remote but based at or report to, the 4 WTC site today June 30, 2023".

13. On June 30, 2023, Plaintiff and other employees were notified of their respective terminations effective that same day.

14. Plaintiff was terminated without cause.

15. At no time prior to June 30, 2023, did Plaintiff receive written notice that his employment would be terminated.

16. Plaintiff's last day of employment was June 30, 2023.

17. Upon information and belief, included with Plaintiff, and the approximately 200 similarly situated employees Debtors terminated without notice on June 30, 2023, were those who worked at or reported to Debtors' office located at 90 New Montgomery Street, San Francisco, California (collectively, the "Facilities").

18. Upon information and belief, on June 30, 2023, Debtors simultaneously terminated health care coverage for Plaintiff and those similarly situated, leaving them without insurance.

***Debtors/Defendants***

19. Upon information and belief and at all relevant times, Debtors operate a technology company that offers its clients tools for ad-buying, data management, and other aspects of digital marketing, under the name "MediaMath."

20. Upon information and belief, MediaMath sold a controlling stake to Searchlight Capital Partners in 2022.

21. Upon information and belief, Defendant MediaMath, Inc., a Delaware corporation, was the nominal employer of Plaintiff and those similarly situated, and is a wholly owned subsidiary of Defendant MediaMath Holdings, Inc.

22. Upon information and belief, Defendant MediaMath Holdings, Inc., a Delaware corporation, is wholly owned by Defendant Searchlight Holdings MM, LLC.

23. Upon information and belief, Defendant Searchlight Holdings MM, LLC, a Delaware limited liability company, is wholly owned by Defendant Searchlight MM Topco, L.P., a Delaware limited partnership.

24. Upon information and belief, Defendant Searchlight MM Topco, L.P.'s general partner is Defendant Searchlight MM Topco GP, LLC, a Delaware limited liability company.

25. Upon information and belief, in 2022, MediaMath's owners hired Neil Nguyen to replace Joseph Zawadzki as CEO and to explore strategic options for the company.

26. Upon information and belief, in 2023 the Searchlight Defendants were no longer willing to finance MediaMath, which had become insolvent and ordered, and carried out, the terminations that began on or about June 30, 2023.

27. On June 30, 2023, MediaMath Holdings, Inc., and each of its six (6) affiliated companies, MediaMath, Inc., MediaMath Ventures, LLC, Adroit DS, LLC, Searchlight MM Topco, L.P., Searchlight MM Topco GP, LLC, and Searchlight MM Holdings, LLC each filed petitions in the United States Bankruptcy Court for the District of Delaware seeking relief under chapter 11 of the United States Bankruptcy Code. Joint administration of those cases is pending (BK Case No. 23-10882, D.I. 3).

## FEDERAL WARN ACT CLASS ALLEGATIONS

28. Plaintiff brings a claim for relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b) made applicable by Fed. R. Bankr. P. Rule 7023 ("Rule 23"), who worked at, received assignments from, or reported to one of Debtors' Facilities and were terminated without cause on or about June 30, 2023 and within 30 days of that date, or was terminated without cause as the result of the mass layoffs and/or plant closings ordered by Debtors on or about June 30, 2023 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

29. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated at about 200 individuals. On information and belief, the facts

on which the calculation of that number can be based are presently within the sole control of Debtors.

30. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Debtors' books and records.

31. On information and belief, the rate of pay and benefits that were being paid by Debtors to each WARN Class Member at the time of his/her termination is contained in the books and records of Debtors.

32. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of Debtors who worked at, received assignments from, or reported to the Facilities;

    (b) whether Debtors unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;

    (c) whether Debtors are liable as a single employer; and

    (d) whether Debtors unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

33. Plaintiff's claim is typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, received assignments from, or reported to the Facilities and was terminated without cause on or about June 30, 2023 due to the mass layoffs and/or plant closings ordered by Debtors.

34. At all relevant times, Debtors were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.3(a)(1-2) and continued to operate as a business until Debtors decided to order mass layoffs or plant closings at the Facilities.

35. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

36. Class certification of these claims is appropriate under Rule 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation in bankruptcy court, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

38. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

**NEW YORK WARN ACT ALLEGATIONS**

39. Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of himself and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about June 30, 2023, and within

30 days of that date, or were terminated without cause as the result of the mass layoffs and/or plant closings ordered by Defendants on or about June 30, 2023, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

40. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

41. On information and belief, Defendants employed at least 50 employees within New York State as of the time notice was first required to be given. On information and belief, Defendants terminated at least 25 full-time employees, within 30 of June 30, 2023 from the New York Facility.

42. On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendants.

43. On information and belief, the rate of pay and benefits that were being paid by Defendants to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

44. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

(a) whether the members of the NY WARN Class were employees of the Defendants who worked in a covered site of employment of Defendants;

(b) whether Defendants, unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act;

(c) whether Defendants unlawfully failed to pay the NY WARN Class members 60

8

days wages and benefits as required by the WARN Acts; and

(d) whether Defendants as a single employer violated the WARN Act.

45. Plaintiff's claims are typical of those of the NY WARN Class. Plaintiff, like other NY WARN Class members, worked at or reported to Defendants' New York Facility and were terminated on or about June 30, 2023, due to the termination of the Facilities ordered by Defendants.

46. Plaintiff will fairly and adequately protect the interests of the NY WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

47. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

48. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

49. Plaintiff intends to send notice to all members of the NY WARN Class to the extent

required by Rule 23.

## FIRST CLAIM FOR RELIEF

### Violation of the Federal WARN Act

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. At all relevant times, Debtors employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

62. At all relevant times, Debtors were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoffs or plant closings at the Facilities.

63. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Debtors as that term is defined by 29 U.S.C. §2101.

64. On or about June 30, 2023, Debtors ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

65. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Debtors' employees as well as thirty-three percent of Debtors' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

66. Plaintiff and the Class Members were terminated by Debtors without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Debtors at the Facilities.

67. Plaintiff and the Class Members are "affected employees" of Debtors, within the

meaning of 29 U.S.C. § 2101(a)(5).

68. Debtors were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

69. Debtors failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

70. Plaintiff and each of the Class Members are "aggrieved employees" of the Debtors as that term is defined in 29 U.S.C. § 2104(a)(7).

71. Debtors failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**SECOND CLAIM FOR RELIEF**
**Violation of the New York WARN Act**

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. At all relevant times, Defendants were an individual or private business entity defined as "employer" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoff or plant closing at the Facilities as defined by § 860-A(3),(4).

74. On or about June 30, 2023, Defendants ordered mass layoffs and/or plant closings at its Facilities as defined by § 860-A(3),(4).

75. The New York Plaintiffs and the New York Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendants without cause on their part.

11

76. Defendants were required by the NY WARN Act to give the New York Plaintiffs and New York Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

77. Defendants failed to give the NY Plaintiffs and New York Class Members written notice that complied with the requirements of the NY WARN Act.

78. Defendants failed to pay the NY Plaintiffs and each of the New York Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and benefits including health and life insurance coverage, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period. § 860-G(2).

79. Inasmuch as Debtors filed their bankruptcy petition on the same day that they terminated Plaintiff and each of the other similarly situated employees, Plaintiff and other similarly situated employees seek priority treatment for their claims pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a general unsecured claim or in the alternative, back-pay attributable to a period of time after the filing of the Debtors' bankruptcy petition and which arose as the result of the Debtors' violation of federal law, or in the alternative, post-petition priority treatment as a first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

80. The relief sought in this proceeding is predominately equitable in nature.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Debtors:

A. An allowed claim against Debtors in favor of the Plaintiff and Class members equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), NY Lab. L. § 860-G(2), with the first $15,150.00 of each Class member's allowed claim entitled to wage priority claim treatment under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim and the remainder as a general unsecured claim, or in the alternative, post-petition priority treatment as a first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A);

B. Certification that Plaintiff and the other Class members constitute a single class;

C. Appointment of Plaintiff as the Class Representative;

D. Appointment of the undersigned attorneys as Class Counsel;

E. An allowed administrative priority claim against Debtors under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and/or NYLL § 860-G(7).; and

F. Such other and further relief as this Court may deem just and proper;

Dated: July 5, 2023

Respectfully submitted,

By:   /s/ Christopher D. Loizides
      Christopher D. Loizides (No. 3968)
      **LOIZIDES, P.A.**

                      1225 King Street, Suite 800
                      Wilmington, Delaware 19801
                      Telephone: (302) 654-0248
                      Facsimile: (302) 654-0728
                      E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiff and the putative class*